**John E. FERGUSON, Plaintiff,**

v.

**The FLYING TIGER LINE, INC., Defendant.**

**No. CV 78–4953–AAH(Px).**

United States District Court, C. D. California.

July 1, 1980.

Clarence Lowe, Los Angeles, Cal., for plaintiff.

Tuttle & Taylor by Donald E. Warner, Jr., Los Angeles, Cal., for defendant.

## FINDINGS OF FACT

HAUK, District Judge.

There is no genuine issue as to the following material facts in this action:

1. The plaintiff, John E. Ferguson (hereinafter "Ferguson"), was formerly employed by the defendant, The Flying Tiger Line, Inc. (hereinafter "Flying Tiger"), as a Second Officer Trainee.

2. Prior to his employment by Flying Tiger, Ferguson filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The processing of that charge resulted in the execution of a Predetermination Settlement Agreement (hereinafter the "Agreement") between Ferguson, Flying Tiger, and the EEOC.

3. Paragraph 12 of the Agreement states in its entirety:

12. Respondent [Flying Tiger] agrees to notify the District Director of the Commission [EEOC] within sixty (60) days of any proposed adverse personnel action to be taken against Charging Party [Ferguson].

4. On November 9, 1977, Flying Tiger took an adverse personnel action against Ferguson by removing him from line flying duty and requiring him to attend a hearing on his performance as a Second Officer Trainee. On November 9, 1977, no days thereafter, Flying Tiger mailed to the EEOC notice of this action. This notice was received a few days thereafter.

5. On November 10, 1977, Flying Tiger took an adverse personnel action against Ferguson by terminating his employment. On December 23, 1977, 43 days thereafter, Flying Tiger mailed to the EEOC notice of this action. This notice was received on or before 47 days after the said action.

6. All findings of fact set forth hereinbelow under the heading "Conclusions of Law" shall be deemed to be findings of fact and incorporated herein.

### CONCLUSIONS OF LAW

1. Paragraph 12 of the Agreement placed on Flying Tiger the requirement that it notify the EEOC within 60 days before or after any proposed personnel action adverse to Ferguson.

2. Flying Tiger therefore did not breach the Agreement.

3. Flying Tiger is therefore not liable to Ferguson.

4. Flying Tiger is entitled to a judgment herein as a matter of law.

5. All conclusions of law set forth hereinabove under the heading "Findings of Fact" shall be deemed Conclusions of Law and incorporated herein.

Judgment shall be awarded in accordance herewith.